42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne CLARK, Plaintiff-Appellant,
v.
Stacy BRUCE, Detective/Crimes Against Children Unit; John
Balliet, Assistant Commonwealth Attorney,
Defendants-Appellees.
 No. 94-5601.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1994.
 
 Before: LIVELY, JONES and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky litigant appeals a district court judgment dismissing his claims filed pursuant to 42 U.S.C. Sec. 1983 and the related state claims filed pursuant to the district court's supplemental jurisdiction under 28 U.S.C.A. Sec. 1367(a) (West 1993). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages and equitable relief, Wayne Clark sued Assistant Commonwealth Attorney John Balliet and Louisville Police Detective Stacy Bruce in their official capacities. In his complaint filed in state court, Clark claimed that Detective Bruce made false statements to obtain an arrest warrant and a grand jury indictment against him. Clark also claimed that Balliet improperly prosecuted him. Clark claimed that he was subjected to false imprisonment and cruel and unusual punishment in violation of his constitutional rights under the Federal and Kentucky Constitutions as a result of the defendants' conduct. Defendant Bruce removed the action to the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. Sec. 1441.
 
 
 3
 A magistrate judge recommended that the complaint against Assistant Commonwealth Attorney Balliet be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The magistrate judge also recommended that the remaining claims against Detective Bruce be held in abeyance pending resolution of the state criminal charges against Clark. The district court adopted the magistrate judge's report and recommendation over Clark's objections. Thereafter, the state court dismissed the pending charges against Clark. Upon the dismissal of the state criminal charges, the magistrate judge recommended that summary judgment be granted as to Bruce. Over Clark's objections, the district court adopted the magistrate judge's recommendation, granted summary judgment in favor of Bruce and dismissed the pendent state claims without prejudice. Clark appeals the grant of summary judgment for Bruce.
 
 
 4
 In his timely appeal, Clark argues that his case was improvidently removed to the district court and that the district court lacked jurisdiction to consider the case. Thus, Clark argues that summary judgment for Bruce was improper. Clark, however, does not challenge the judgment dismissing Assistant Commonwealth Attorney Balliet. Thus, any issue relating to Balliet is considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 Upon review, we conclude that summary judgment was properly granted for Bruce as there was no genuine issue of material fact and Bruce was clearly entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). At the very least, Bruce was entitled to qualified immunity in this case as no officer of reasonable competence would have believed that a warrant should not issue under the circumstances of this case. See Hutsell v. Sayre, 5 F.3d 996, 1003 (6th Cir.1993), cert. denied, 114 S.Ct. 1071 (1994). The district court also did not abuse its discretion in declining to exercise supplemental jurisdiction over Clark's state claims. 28 U.S.C.A. Sec. 1367(C)(3) (West 1993).
 
 
 6
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.